**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-1520**

_____

PHILLIP D. PUGH,

               Plaintiff - Appellant,

      v.

ROBERT WILKIE, Secretary, Department of Veterans Affairs,

               Defendant - Appellee.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cv-01030-TDS-JEP)

_____

Submitted:  February 27, 2019               Decided:  March 8, 2019

_____

Before GREGORY, Chief Judge, and NIEMEYER and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark L. Hayes, LAW OFFICE OF MARK L. HAYES, Durham, North Carolina, for Appellant.  Joan B. Childs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip D. Pugh, a blind, African-American man in his 60s, appeals the district court's order granting summary judgment on his employment discrimination action. As relevant here, Pugh alleged that his employer, the Durham Veterans Affairs Medical Center ("DVAMC"), temporarily transferred him to a different position in order to impede his chance for a promotion. His complaint stated claims for race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018); age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621 to 634 (West 2018); and disability discrimination, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12101 to 12213 (West 2013 & Supp. 2018). On appeal, Pugh contends that the DVAMC's stated reasons for his transfer were mere pretext for discrimination. For the reasons that follow, we affirm.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2

Under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973),* a plaintiff alleging discrimination bears "the initial burden of proving his . . . prima facie case by a preponderance of the evidence." *Abilt v. Cent. Intelligence Agency*, 848 F.3d 305, 315 (4th Cir. 2017). If the plaintiff makes this showing, "[t]he burden of production then shifts to the employer to . . . provide some legitimate, nondiscriminatory reason for the adverse employment action." *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016). If the employer satisfies this requirement, "the plaintiff resumes the burden of persuading the factfinder that the employer's proffered explanation is merely a pretext for discrimination." *Id.*

The DVAMC employed Pugh as a Visual Impairment Services Team ("VIST") coordinator—a GS-12 position—from 1996 to 2012. In a February 2012 meeting, Pugh's supervisor raised concerns about his management of a computer training program for visually impaired veterans. In June 2012, Pugh's coworker sent an email to the supervisor and an administrative officer complaining that Pugh was neglecting his patients' needs and had failed to address some of the issues discussed in the February meeting. As a result of this email, the DVAMC requested a site visit from the Department of Veterans Affairs' ("VA") Central Office and temporarily detailed Pugh to a different position during the pendency of the investigation. At the suggestion of the

---

* We reject Pugh's attempt to prove his claims through direct evidence, *see Strothers v. City of Laurel*, 895 F.3d 317, 327 (4th Cir. 2018), because he offered no such argument before the district court, *see In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014).

3

Central Office, which uncovered numerous problems with the computer training program, the DVAMC requested an investigation by the Inspector General, who probed the program but ultimately decided not to bring criminal charges. Around the same time, the VA embarked on a boarding process to convert the VIST coordinator position into a new job title—Blind Rehabilitation Specialist ("BRS")—that could eventually lead to a promotion to a GS-13 position. However, in part because of the temporary detail, the DVAMC never boarded Pugh to the BRS position.

The parties dispute whether the temporary detail constituted an adverse employment action and whether Pugh satisfactorily performed his job. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015) (stating elements of race discrimination); *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 572 (4th Cir. 2015) (stating elements of disability discrimination); *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) (en banc) (stating elements of age discrimination). However, because we discern no evidence demonstrating that the DVAMC acted with discriminatory intent, we can assume, without deciding, that Pugh discharged his initial prima facie burden of establishing race, age, and disability discrimination.

Pugh contends that the DVAMC detailed him during the boarding process to prevent him from obtaining a GS-13 position. As proof, he points to comments made on a May 2012 conference call, during which the administrative officer asked what would happen if a VIST coordinator were not boarded. However, even if, as Pugh asserts, this question indicates that the DVAMC contemplated not boarding Pugh before his coworker's June 2012 email, it does not suggest any discriminatory motive. Moreover,

4

any prior decision not to board Pugh was entirely consistent with the performance-based concerns that his supervisor had already expressed and the myriad problems detected during the examination of the computer training program.

Pugh also maintains that the temporary detail, which required him to report to a warehouse that posed safety issues for him because of his blindness, evinced an insensitivity toward his disability. However, the warehouse supervisor removed Pugh from any hazardous setting on Pugh's first day, and management transferred Pugh from the warehouse altogether within the first week. We conclude that this sequence of events, though unfortunate, does not support a finding of animus toward the blind. Finally, we reject Pugh's attempts to litigate the soundness of the DVAMC's employment decisions. *See Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 900-01 (4th Cir. 2017) (providing that, if employer's reason for adverse employment action was lawful and genuine, it is not appropriate for judicial review).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*